Smith, J.
(dissenting). I dissent because the majority imposes a greater burden of proof upon plaintiff than Administrative Code of the City of New York § 7-201 (c) (2) for establishing that the City of New York received written notice of a defect in a public sidewalk.
Plaintiff tripped on a broken section of a public sidewalk located on the west side of Second Avenue near 72nd Street, and fell, sustaining injuries from her fall. In August 1990, plaintiff commenced this action against various defendants, including the City of New York (City). The City is the only defendant remaining in this action.
In compliance with Administrative Code § 7-201 (c) (2), which provides that a plaintiff may not maintain an action against the City for unrepaired, unsafe, or dangerous sidewalks unless the City has failed to take action to repair or remove the defect within 15 days after receiving written notice of such defect, plaintiff submitted a map filed with the City on June 5, 1986. The map, which showed a defect at the site where plaintiff sustained her injuries, had been prepared by the Big Apple Pothole and Sidewalk Protection Committee, Inc. (Big Apple) and filed on June 5, 1986.
As the majority notes, when Big Apple filed the June 5, 1986 map, the City received written notice of a defect on the sidewalk where plaintiff had her accident (majority opn, at 244). Consequently, plaintiff satisfied the "condition precedent” of proving that the City received written notice of the defect which allegedly caused her fall, as required by Administrative Code § 7-201 (c) (2).
*246 The City does not dispute that it received notice of the defect at issue in 1986. Instead, the City contends that a second map of the same area filed by Big Apple on November 4,1987, which did not indicate a defect on the sidewalk where plaintiff tripped, superceded the June 5, 1986 map.
Prior written notice ordinances are justified because a municipality may not reasonably be held to possess knowledge of all the defects in the public ways within its boundaries. Such ordinances provide a means of giving the municipality a reasonable opportunity to cure defective or unsafe conditions of which it could not otherwise know. Plaintiff established that the City had prior written notice of the defect in 1986 and she was entitled to rely on that evidence to make out a prima facie case. It then became the duty of the City to prove that the 1986 notice incorrectly identified a defect in the sidewalk or that the City had corrected the condition. It failed to do either. Notwithstanding trial testimony that subsequent maps supercede earlier maps, that fact is relevant only to the question of whether a defect shown on an earlier map was subsequently repaired. It does not negate the fact that the first map — like any Big Apple map — served as prior written notice of a defective condition (see, majority opn, at 243).
The "evidence” presented by the City that subsequent maps supercede maps of the same area previously filed with the City, consisted of a bare assertion, grounded in hearsay, by a record searcher employed by the New York City Department of Transportation in its litigation support unit. The record searcher reached the understanding that subsequent filings supercede earlier ones from oral communications with persons who appear twice or three times a year to deliver maps from Big Apple. The record searcher admitted that she never received any information in writing that newly submitted maps supercede maps previously on file. Moreover, the City did not present any witness from Big Apple to this effect. Thus, having received notice of a defect in 1986, the City failed to prove that the defect had been fixed by November 4, 1987.*
Having proven that the City received written notice of a defective sidewalk in 1986, plaintiff satisfied her burden. Accordingly, I would reverse the order of the Appellate Division.
*247 Chief Judge Kaye and Judges Bellacosa and Levine concur with Judge Ciparick; Judge Smith dissents and votes to reverse in a separate opinion in which Judges Simons and Titone concur.
Order affirmed, with costs.

 Plaintiffs decision not to call Big Apple as a rebuttal witness is immaterial because plaintiff did not bear the burden of proving that the 1987 map superceded the 1986 map. Moreover, speculation as to the reasons behind plaintiffs trial strategy constitutes mere conjecture and cannot be accorded any evidentiary weight.